**Gerald Whane HARBOUR, an individual, and Gee–Gee 110 Productions Inc., a corporation, Plaintiffs–Appellants,**

v.

**Kurt FARQUHAR, an individual, Farquhar Productions, Inc., a corporation, and Does 1–100, Defendants–Appellees.**

No. 05–55693.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed June 27, 2007.

Zuber & Taillieu, Beverly Hills, CA, Jeffrey J. Zuber, Esq., for Plaintiffs–Appellants.

Liner Yankelevitz Sunshine & Regenstreif LLP, Los Angeles, CA, Joseph M. Gabriel, Esq., for Defendants–Appellees.

Before: PREGERSON, FERNANDEZ, and SILER,* Circuit Judges.

MEMORANDUM **

Gerald Whane Harbour and Gee–Gee 100 Productions, Inc. (collectively, "Gee–Gee") appeal the district court's dismissal of their claim that Kurt Farquhar and Farquhar Productions, Inc. (collectively, "Farquhar") violated the Lanham Act, 15 U.S.C. § 1125(a), by licensing Gee–Gee's digitalized musical compositions to various television and film producers and falsely representing that Farquhar had provided the musical services, composed the music,

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and produced the digital goods. We review de novo a district court's dismissal of a claim pursuant to a Rule 12(b)(6) motion. *Gonzalez v. Metropolitan Transp. Auth.,* 174 F.3d 1016, 1018 (9th Cir.1999). Because Gee–Gee's claim for false designation of origin is precluded by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003), we affirm.

Section 43(a) of the Lanham Act creates a federal cause of action against a person who used in commerce either "a false designation of origin, or any false description or representation" in connection with "any goods or services." 15 U.S.C. § 1125(a). In *Dastar,* the Supreme Court grappled with the correct interpretation of this language, specifically with what the Lanham Act means by the "origin" of "goods." *Id.* at 37, 123 S.Ct. 2041. The Court ultimately held that the phrase refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.*

Under *Dastar,* the "goods" at issue here were the completed television programs, or the products offered for sale to the public. Gee–Gee's musical compositions were "idea[s], concept[s], or communication[s] embodied within those goods." Therefore, *Dastar* controls, and Gee–Gee fails to state a claim under the Lanham Act.

AFFIRMED.